E-FILED
Anne Arundel Circuit Court
11/22/2016 3:46:51 PM

## IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND

| | |
|---|---|
| TANYARD SPRINGS HOMEOWNERS ASSOCIATION, INC.<br>6920 Heritage Crossing<br>Glen Burnie, MD<br><br>v.<br><br>U.S. HOME CORPORATION,<br>d/b/a Lennar<br>700 N.W. 107 Avenue<br>Miami, FL 33172<br><br>    *Serve*:<br>    THE CORPORATION TRUST<br>    INCORPORATED<br>    351 West Camden Street<br>    Anne Arundel, MD 21201<br><br>STEPHEN NESS<br>c/o Ness-Twigg, LLC<br>5640 Nicholson Lane<br>Suite 220<br>North Bethesda, MD 20852<br><br>JOHN A. NICHOLS<br>5769 Sweetwind Place<br>Columbia, MD 21045-2576<br><br>BRIAN MESSINEO<br>108 Mulberry Court<br>Edgewater, MD 21037-1644<br><br>MELANIE ROBINSON<br>738 Oella Avenue<br>Ellicott City, MD 21043-4728 | Case No. C-02-CV-16-003514<br><br><br><br>COMPLAINT |

The Plaintiff, TANYARD SPRINGS HOMEOWNERS ASSOCIATION, INC., by and through its undersigned counsel, hereby submits this Complaint against the Defendants, DEFENDANT U.S. HOMES CORPORATION d/b/a LENNAR, STEPHEN NESS, JOHN A. NICHOLS, BRIAN MESSINEO and MELANIE ROBINSON, and for its causes of action, states as follows:

## THE SUBJECT PROPERTY

1. Association, Tanyard Springs Homeowners Association, Inc. ("the Association"), is an incorporated, master mixed-use homeowners' association, located on in Anne Arundel County, Maryland. The Association was developed as a homeowners' association pursuant to Md. Code Ann., Real Prop. § 11B-101 *et seq.* (hereinafter referred to as the "Homeowners Association Act"). The Declaration of Covenants, Conditions and Restrictions for Tanyard Springs Homeowners Association, Inc. and By-Laws of the Tanyard Springs Homeowners Association, Inc. were duly recorded among the land records of Anne Arundel County, Maryland.

## THE PARTIES

2. The Association is the incorporated entity created pursuant to section 11B-109 of the Homeowners Association Act for the purposes of carrying out the powers and duties of a Homeowners Association, consistent with the Homeowners Association Act, as well as the powers and duties set forth in the Declaration of Covenants, Conditions and

Restrictions for Tanyard Springs Homeowners Association, Inc. ("the Declaration," attached hereto as **Exhibit 1**). The Association is administered by a Board of Directors that is charged with the responsibility for managing the business, operations, and affairs of the Association, including the responsibility for the maintenance, repair, and/or replacement of the Association's HOA Common Area (defined in Exhibit 1, Section 1.24). The Association is empowered by the laws of the State of Maryland and its Articles of Incorporation to bring this action.

3. Defendant U.S. Home Corporation ("Lennar") is a Delaware corporation that was, at all relevant times, engaged in the development of real properties in Maryland.

4. During the period that Lennar was in control of the Association and governed its operations, Defendants Stephen Ness, John A. Nichols, Brian Messineo, Melanie Robinson (collectively, the "Individual Defendants"), as well as Robert Jacoby (deceased), were simultaneously employees of the Defendant Lennar and served as members of the Board of Directors of the Association.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter and these parties because the Association is a citizen and/or resident of Anne Arundel County, Maryland, and because the Defendant Lennar has regularly conducted business in Anne Arundel County, Maryland. The actions complained of herein took place in Anne Arundel County, Maryland, and relate to and affect real property located in Anne Arundel County, Maryland.

## FACTS COMMON TO ALL COUNTS

6. The Association was created and the improvements and common areas within it were designed, developed, marketed and constructed by Defendant Lennar. The Property, which is located in Anne Arundel County, Maryland, includes all "HOA Common Area," as more specifically defined within Exhibit 1 attached hereto, and which HOA Common Area includes certain streets, sidewalks, curbs and aprons, a pool, exercise facilities, and a clubhouse.

7. The Association property was developed in four sections by Lennar, the stages designated as sections A, B, C and D. Section D is not yet completed.

8. The Defendant Lennar represented, in connection with the development of the Association, that the quality of workmanship and materials used in construction and development of the HOA Common Area was consistent with applicable industry standards.

9. The Defendant Lennar represented, in connection with the development of the Association, that the workmanship and materials used in construction and development of HOA Common Area were consistent with applicable industry standards.

10. These representations were relied upon by the Association and the Owners (as defined within Exhibit 1, the Declaration).

11. Contrary to the representations made by Defendant Lennar, the workmanship and materials used in the construction of the HOA Common Area (also defined in Exhibit 1), were not consistent with and did not rise to the level of applicable

industry standards. In fact, the roadways and sidewalks within the HOA Common Area in some respects, and as more fully set forth below, failed to meet even the minimum acceptable building codes or industry standards and were installed with faulty workmanship and/or constructed with faulty materials. The substandard, incomplete and defective work by Defendant Lennar included sidewalks, curbs and aprons that were poured without proper site preparation, using substandard concrete, substandard finishing techniques, and without appropriate sealants.

12.     These defective conditions and failures to properly design, construct and complete the HOA Common Area by Lennar were discovered by Becht Engineering BT, Inc., and summarized in the Becht Report attached hereto as Exhibit 2.

13.     The foregoing issues, in particular the concrete-related issues described herein, have caused and will continue to cause damage to the Association and to its Owners for whose use the Association holds and maintains the HOA Common Area ("Owners," as defined in Exhibit 1, the Declaration), in the range of hundreds of thousands of dollars, consisting of: (a) costs to repair, complete, replace or remediate the conditions; (b) costs of investigation to discover such conditions and to determine appropriate resolutions; (c) loss of full use and enjoyment of the property; (d) increased operation and maintenance expenses; (e) loss of or diminution in value of the HOA Common Areas and (f) risk and exposure to injury or damage to persons and/or property. The measure of damages to the Association and its members exceeds the jurisdictional threshold of this Court.

14. The condition of the concrete in the streets, sidewalks, curbs and common driveways has deteriorated significantly. The many concrete defects have the potential to cause, and are in actuality currently causing, additional consequential damages, including but not limited to the following:

   a. A substantial number of the sidewalks and driveways have failed to the point where sections of each have been reduced to gravel. This gravel is transported by rainwater, vehicles, etc., onto the asphalt roads, where it is pressed into the asphalt roads by vehicle traffic. The spread of significant amounts of gravel onto the roads causes depressions and ponding in the roads and, therefore, premature degradation of these roadways.

   b. Loose gravel on the sidewalks and driveways presents an actual safety hazard to pedestrian and bike traffic on those surfaces.

   c. The required removal, replacement and repair of the deficient concrete is likely to result in damage to other structures such as abutting staircases, roads, and other currently sound concrete features.

15. The Association has the right and authority under the laws of Maryland and under the provisions of the Declaration to bring this action on behalf of its Owners within the Association who possess easements of use and enjoyment of the HOA Common Area.

## COUNT I
### (Negligence)

17. Paragraphs 1 through 16 are incorporated by reference as if specifically set forth herein.

18. By virtue of having designed, developed, constructed and marketed the HOA Common Area, and having created the governing documents for the Association and having controlled the Association and its Board of Directors, the Defendant Lennar owed a duty of care to the Association and its Owners who possess an easement of enjoyment and use of the HOA Common Area to see that the design of the HOA Common Area was proper and that construction of same was free from work that was: incomplete, missing, defective, improperly constructed, constructed with faulty workmanship and/or constructed with faulty materials. Defendant Lennar also owed a duty of care to ensure that the HOA Common Area met all applicable building codes, laws, rules, regulations and standards including generally recognized industry standards and that the HOA Common Area were constructed in accordance with the plans and specifications.

19. By virtue of the defective conditions hereinabove described, the Defendant Lennar breached its duty of care.

20. As a direct and proximate result of the Defendant Lennar's negligence and breach of the duty of care, Association has incurred actual damages in an amount in excess of the jurisdictional threshold of this Court; in addition, the defective conditions caused damage to real property and create a risk of personal injury or harm to the Association and its Owners who possess an easement of enjoyment and use of the HOA Common Area.

21. Association's damages were reasonably foreseeable as a natural consequence of Lennar's acts, omissions and breach of its duties.

WHEREFORE, the Association respectfully requests that this Honorable Court enter judgment against the Defendant U.S. Home Corporation, d/b/a Lennar in the amount established by the evidence, sufficient to compensate the Association, plus costs, attorneys' fees, if applicable, prejudgment and post judgment interest at the legal rate, all in excess of the jurisdictional threshold of this Court, and grant such other and further relief in favor of the Association as this Court deems proper and just.

## COUNT II
### (Negligent Misrepresentation)

22. Paragraphs 1 through 21 are incorporated by reference as if specifically set forth herein.

23. By virtue of having designed, developed, constructed and marketed the HOA Common Area, having created the Homeowners Association and its governing documents, and having controlled the Association and its Board of Directors, Defendant Lennar owed a duty of care to the Association and its Owners to see that their representations concerning the HOA Common Area were complete, accurate and truthful.

24. In making the representations set forth above, the Defendant Lennar knew or should have known that the representations regarding the design, construction, workmanship and quality of materials used were materially inaccurate.

25. In making the aforementioned representations, the Defendant Lennar knew or should have known that the Association and its Owners who possess an easement of enjoyment and use of the HOA Common Area would rely upon such representations to their detriment in choosing to purchase a unit or parcel within the Association.

26. The Association and its Owners justifiably relied upon the aforementioned representations in acquiring and purchasing their respective interests in the HOA Common Area.

27. The Association and its Owners suffered damages proximately caused by the aforementioned representations and their reasonable reliance thereon, which damages exceed the monetary threshold of jurisdiction of this Court.

WHEREFORE, the Association respectfully requests that this Honorable Court enter judgment against Defendant U.S. Home Corporation, d/b/a Lennar in the amount established by the evidence, sufficient to compensate the Association, plus costs, attorneys' fees, if applicable, prejudgment and post judgment interest at the legal rate, and grant such other and further relief in favor of Association as this Court deems proper and just.

### COUNT III
### (Breach of Contract)

28. Paragraphs 1 through 27 are incorporated by reference as if specifically set forth herein.

29. Defendant Lennar represented to the Association and its Owners, who possess easements for the use and enjoyment of the HOA Common Area, that the design, development and construction of the HOA Common Area had been performed a manner consistent with applicable building codes and other industry standards, and that the HOA Common Area had been constructed in a manner consistent with applicable industry standards, the applicable plans and specifications.

30.     The aforementioned representations constituted material terms of a contract between and among the aforesaid parties.

31.     Defendant Lennar's failure to design, develop and construct the HOA Common Area consistent with applicable building codes and other industry standards and its failure to construct the HOA Common Area consistent with the plans and specifications constituted a material breach of the contract.

32.     In addition, the Association and its Owners relied to their detriment upon the aforementioned representations by the Defendant Lennar.

33.     As a result of the aforesaid breach of contract, the Association and its Owners referenced herein have suffered monetary losses and reduction of property value, in an amount in excess of the jurisdictional limit of this Court, as well as losses of the benefits of the transaction with Lennar.

WHEREFORE, the Association respectfully requests that this Honorable Court enter judgment against the Defendant U.S. Home Corporation, d/b/a Lennar in the amount established by the evidence, sufficient to compensate the Association, plus costs, attorneys' fees, if applicable, prejudgment and post judgment interest at the legal rate, and grant such other and further relief in favor of Association as this Court deems proper and just.

### COUNT V
### (Breach of Consumer Protection Act)

34.     Paragraphs 1 through 33 are incorporated by reference as if specifically set forth herein.

35. The Association is the recipient of consumer real property, within the meaning of the Consumer Protection Act, which real property (the HOA Common Area) was received from the Defendant Lennar.

36. In connection with the transfer of the HOA Common Area, Defendant Lennar made the written and/or oral statements and representations described herein.

37. By virtue of the defective conditions hereinabove described, each of the statements and representations noted above by the Defendant Lennar were false or misleading and had the capacity, tendency, or effect of deceiving or misleading the Association and those Owners who possess easements of use and enjoyment of the HOA Common Area, to such an extent as to constitute unfair and/or deceptive trade practices under the Consumer Protection Act § 13-301(1); 13-301(2)(i); 13-301(2)(iv).

38. Defendant Lennar also failed to disclose material facts to the recipient of the HOA Common Area, including the Association and the Owners, who possess easements of use and enjoyment of the HOA Common Area, including Lennar's knowledge of defects, deviations from the project's plans and specifications, deviations from statutory code and regulatory requirements, deviations from industry standards, deviations from representations made through sales materials and sales agents, and deviations from standards adopted by Lennar in its sales materials.

39. By virtue of the defective conditions hereinabove described, the Defendant Lennar deceived or tended to deceive the Association and its Owners, who possess an easement of use and enjoyment of the HOA Common Area, so as to constitute unfair and deceptive trade practices under the Consumer Protection Act § 13-301(3).

40. By virtue of the defective conditions hereinabove described, statements of the Defendant Lennar, combined with the failure to disclose material facts, amounted to deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of material facts with the intent that the Association and the Owners, who possess easements of use and enjoyment of the HOA Common Area, so as to constitute unfair or deceptive trade practices under the Consumer Protection Act § 13-301(9)(i).

41 Pursuant to the Consumer Protection Act § 13-303(1) and (2), such unfair and deceptive trade practices are prohibited in the transfer of consumer realty.

42. As a direct result of the unfair and deceptive trade practices of the Defendant Lennar, the Association and its Owners have sustained and will continue to sustain substantial monetary damages, losses and injuries, all in excess of the jurisdictional threshold of this Court.

WHEREFORE, the Association respectfully requests that this Honorable Court enter judgment against Defendant U.S. Home Corporation, d/b/a Lennar in the amount established by the evidence, sufficient to compensate the Association, plus costs, attorneys' fees, if applicable, prejudgment and post judgment interest at the legal rate, and grant such other and further relief in favor of Association as this Court deems proper and just under the terms of the Consumer Protection Act.

## COUNT VI
### (Breach of Fiduciary Duty)

43. Paragraphs 1 through 42 are incorporated by reference as if specifically set forth herein.

44. As set forth above, while the Individual Defendants controlled the Association as its Board of Directors they were at all times employed by Defendant Lennar.

45. As members of the Board of Directors of the Association, the Individual Defendants owed a fiduciary duty to the Association and its members, consistent with, but not limited to, those duties identified in Maryland Code, Corporations and Associations Article, § 2-405.1, which provides in pertinent part as follows:

(a) In general. -- A director shall perform his duties as a director, including his duties as a member of a committee of the board on which he serves:

(1) In good faith;

(2) In a manner he reasonably believes to be in the best interests of the corporation; and

(3) With the care that an ordinarily prudent person in a like position would use under similar circumstances.

46. Pursuant to their fiduciary duties, the Individual Defendants owed a duty to appropriately govern and manage the Association, which included the duty to ensure that defects in design, materials, workmanship and/or construction were remedied by Lennar, which was also the Individual Defendants' employer at all relevant times.

47. The Individual Defendants' fiduciary duties also obligated them to take action against Defendant Lennar to require Lennar to remedy the defective materials and workmanship described herein, about which they knew or should have known.

48. The Individual Defendants failed to take these actions on behalf of the Association in breach of their fiduciary duty, and these breaches of their fiduciary duties have caused significant losses to the Association and its Owners.

WHEREFORE, the Association respectfully requests that this Honorable Court enter judgment against the Individual Defendants, jointly and severally, in the amount established by the evidence, sufficient to compensate the Association, plus costs, attorneys' fees, if applicable, prejudgment and post judgment interest at the legal rate and grant such other and further relief in favor of Association as this Court deems proper and just.

Respectfully submitted,

*/s/ Raymond B. Via, Jr.*
Raymond B. Via, Jr.
Jeffrey C. Seaman
Whiteford, Taylor & Preston L.L.P.
7501 Wisconsin Avenue
Suite 700 W
Bethesda, MD 20814
(301) 804-3610
rvia@wtplaw.com
jseaman@wtplaw.com

Attorneys for Plaintiff